**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ELIZABETH MORRIS FOUNTAIN, ) | |
| Plaintiff, ) | |
| v. ) | 2:05-cv-455 |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

May 31, 2006

**I.      Introduction**

Plaintiff, Elizabeth Morris Fountain, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433, 1381-1383(f).

**II.     Background**

   **A.     Facts**

Plaintiff was born on July 16, 1950. (R. 33). She graduated from college and has past work experience as an interior designer, as a co-manager for an interior design store, and as a sales clerk for a linen store. (R. 34, 44-45).

Plaintiff alleges disability as of December 15, 1998, due to fibromyalgia, vertigo, nerve pain, fatigue, broken knees, and a torn ligament. (R. 16). The record reflects that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (R. 35).

**B.     Procedural History**

The record indicates that Plaintiff initially filed applications for a period of disability, DIB and SSI on May 11, 1999. (R. 15). She subsequently filed DIB and SSI applications on April 11, 2000, but her applications were ultimately denied by an ALJ in a decision dated August 30, 2001. (R. 15). That decision became the final decision of the Commissioner and was never appealed by Plaintiff. (R. 15, 34). Since the ALJ in the instant case found "nothing in the record to warrant disturbing that decision," he treated that prior determination as dispositive of the issue of Plaintiff's disability through August 30, 2001. (R. 15).

Plaintiff filed the instant applications for SSI and DIB on January 6, 2003, and January 13, 2003, respectively, in which she claimed total disability since December 15, 1998. (R. 56, 412). An administrative hearing was held on October 6, 2004, before Administrative Law Judge Elliott Bunce. (R. 29). Plaintiff was represented by counsel and testified at the hearing. (R. 31-33). Also testifying at the hearing was Karen Krull, an impartial vocational expert. (R. 50).

On November 5, 2004, the ALJ rendered a decision which was unfavorable to Plaintiff, finding that Plaintiff retained the "residual functional capacity to perform work that does not require exertion above the light level; or exposure to hazards such as heights or dangerous machinery; or more than simple, routine, repetitive tasks, with one- or two-step instructions, performed in a low-stress environment, defined as work requiring few decisions; or more than occasional contact with the public and co-workers." (R. 21). The ALJ further found that there were jobs existing in significant numbers in the national economy which Plaintiff could perform. (R. 21).

The ALJ's decision became the final decision of the Commissioner on February 18, 2005, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ. (R. 6).

On April 6, 2005, Plaintiff filed her Complaint in this Court in which she seeks judicial review of the decision of the ALJ. The parties have filed cross-motions for summary judgment. Plaintiff argues that the ALJ's decision is not supported by substantial evidence of record, and that the ALJ failed to give appropriate weight to the professional opinion of her treating physician. (Br. for Plaintiff 8-15). The Commissioner contends that the decision of the ALJ

should be affirmed as it is supported by substantial evidence. (Br. for Defendant 10-16).

**III.    Legal Analysis**

    **A.    Standard of Review**

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. §§ 405(g), 1383(c)(3). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F. 3d 429, 431 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F. 3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F. 2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C. § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F. 3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F. 3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F. 2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F. 2d at 59; *Kangas*, 823 F. 2d at 777; or,

(2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy. . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F. 2d at 59; *Kangas*, 823 F. 2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F. 2d at 59; *Kangas*, 823 F. 2d at 777; *Doak v. Heckler*, 790 F. 2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F. 2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F. 2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. In making this determination, the ALJ concluded that Plaintiff was capable of making a successful adjustment to janitor, cleaner, laundry worker or assembler jobs existing in significant numbers in the national economy. (R. 21).

**B.     Discussion**

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F. 2d 1185, 1190 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are

supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm's of Soc. Sec. Admin.*, 181 F. 3d 429, 431 (3d Cir. 1999).

Plaintiff's first argument is that the ALJ failed to attribute appropriate weight to the professional opinion of her treating physician. (Br. for Plaintiff 8-10). This argument centers on an October 5, 2004, letter written by Dr. David G. Hall, who treated Plaintiff at the East Liberty Family Health Care Center ("Center"). In that letter, Dr. Hall stated that Plaintiff suffered from fatigue syndrome and fibromyalgia, that she was "unable to be gainfully employed because of severe fatigue," that she was capable of being productive for only two or three hours per day, and that she was seeing a psychiatrist for treatment of depression resulting from her physical impairments. (R. 408). After reviewing Dr. Hall's opinion under SSR 96-2p, the ALJ concluded that a finding of disability was not required in the instant case. (R. 18). Plaintiff contends that "[t]he ALJ's cursory reference, without analysis or discussion, shows a cursory and improper dismissal of the report of a treating physician." (Br. for Plaintiff 10).

Plaintiff apparently believes that the ALJ addressed Dr. Hall's letter with only the following statement: "I have reviewed Dr. Hall's opinion under SSR 96-2p, and I conclude that it does not require a finding of disability." (R. 18; Br. for Plaintiff 10). This statement, however, must be read in context. Prior to announcing his determination regarding Dr. Hall's letter, the ALJ pointed out that Plaintiff's treatment records from the Center ran only from February, 1999, through December, 2002. (R. 18). Dr. Hall's letter, of course, was not written until October 5, 2004. After clarifying this contested determination, the ALJ went on to explain that Plaintiff's notes from the Center did not include "clinical findings such as test results or vocational evaluations." (R. 18). The ALJ also noted that Dr. James Williams, Ph.D., who examined Plaintiff for the state agency in February, 2003, had "concluded that [Plaintiff's] ability to understand, remember, and carry out simple instructions was limited or very good." (R. 18). Finally, the ALJ referred to the expert opinion of Dr. Raymond Dalton, Ph.D., who had concluded that Plaintiff's mental impairments were "severe but not disabling." (R. 18, 266-282).

SSR 96-2p clearly states that "[a] case cannot be decided in reliance on a medical opinion without some reasonable support for the opinion." 61 FR 34490. The ALJ's comments about

the 22-month gap in time and the lack of clinical findings to support Dr. Hall's conclusion were apparently a part of his SSR 96-2p evaluation. (R. 18). SSR 96-2p also states that "[t]he judgment whether a treating source's opinion is well-supported and not inconsistent with the other substantial evidence in the case record requires an understanding of the clinical signs and laboratory findings and what they signify." 61 FR 34490. The ALJ's opinion, which highlighted the fact that such "clinical signs and laboratory findings" were lacking, constituted an adequate explanation as to why Dr. Hall's conclusion was not entitled to controlling weight under 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). The ALJ's discussion about the findings of Dr. Williams and Dr. Dalton constituted an adequate explanation as to why Dr. Hall's opinion could not be characterized as "not inconsistent with the other substantial evidence in the case record." 61 FR 34490. Consequently, the Court is not persuaded that the ALJ's statement regarding the application of SSR 96-2p to Dr. Hall's letter constituted "a cursory and improper dismissal of the report of a treating physician." (Br. for Plaintiff 10).

      A determination that the ALJ explained his reasoning, of course, does not end the inquiry. In the instant case, however, the Court is satisfied that there was adequate countervailing evidence in the record to justify the ALJ's decision not to credit Dr. Hall's conclusion. In *Adorno v. Shalala*, 40 F. 3d 43 (3d Cir. 1994), the U.S. Court of Appeals for the Third Circuit explained that "a statement by a plaintiff's treating physician supporting an assertion that she is 'disabled' or 'unable to work' is not dispositive of the issue." *Adorno*, 40 F. 3d at 47-48. Under 20 C.F.R. §§ 404.1527(e)(1) and 416.927(e)(1), "[t]he ultimate decision concerning the disability of a claimant is reserved for the Commissioner." *Knepp v. Apfel*, 204 F. 3d 78, 85 (3d Cir. 2000). If the ALJ determines that a treating physician's opinion is outweighed by conflicting medical evidence in the record, he may reject that opinion. *Newhouse v. Heckler*, 753 F. 2d 283, 286 (3d Cir. 1985). "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." 61 FR 34490, 34491. On the other hand, if the opinion of a treating physician is conclusory and unsupported by the medical evidence, the ALJ may reasonably find that it is outweighed by countervailing evidence. *Jones v. Sullivan*, 954 F. 2d 125, 128-129 (3d Cir. 1991).

In the case at issue here, the ALJ's findings were buttressed by more than just conflicting medical evidence. Dr. Hall's October 5, 2004, letter was written nine months after the expiration of Plaintiff's insured eligibility period for disability insurance benefits. As the ALJ noted, Plaintiff was insured for disability benefits only through December 31, 2003. (R. 16). In addition, there was a prior determination by the Commissioner that Plaintiff was not disabled through August 30, 2001. (R. 15). As the Commissioner points out, Plaintiff expressed concern to Dr. Cynthia Magistro, Ph.D., that her application for disability benefits would be jeopardized if she found work. (Br. for Defendant 5; R. 238). Under these circumstances, the Court cannot say that the ALJ acted improperly in rejecting Dr. Hall's conclusion regarding Plaintiff's inability to work.

In her second argument, Plaintiff contends that the ALJ erred in finding that her fibromyalgia was not disabling for purposes of the Act. (Br. for Plaintiff 10-13). In so contending, Plaintiff misapprehends the governing precedents. There is "a distinction between the issue of the existence of a medical condition and the issue of the existence of statutory disability." *Kuzmin v. Schweiker*, 714 F. 2d 1233, 1237 (3d Cir. 1983). Plaintiff makes no express assertion that her impairments meet or medically equal any of the impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. Consequently, she cannot rely on a presumption of disability on the basis of her medical condition. 20 C.F.R. § 404.1520(e)-(g). It is, therefore, incumbent upon Plaintiff to demonstrate that fibromyalgia was disabling *in her case*, and that the ALJ's finding to the contrary is not supported by substantial evidence.

In support of her allegation that fibromyalgia is a disabling condition, Plaintiff relies on the decision of the U.S. Court of Appeals for the Seventh Circuit in *Sarchet v. Chater*, 78 F. 3d 305 (7th Cir. 1996). Her reliance on *Sarchet*, however, is misplaced. In *Sarchet*, the ALJ had been so dismissive of the symptoms accompanying the claimant's fibromyalgia that the Court of Appeals was concerned about the possibility of bias. *Sarchet*, 78 F. 3d at 309. In remanding the case, the Court of Appeals took the highly unusual step of recommending that the claimant's case be transferred to a different ALJ. *Sarchet*, 78 F. 3d at 309. The instant case does not raise similar concerns about the integrity of the administrative process.

Plaintiff cites *Powell v. Chater*, 959 F. Supp. 1238 (C.D. Cal. 1997), for the proposition that "[f]ibromyalgia can constitute a severe impairment and prevent a claimant from performing even light work." (Br. for Plaintiff 13), (emphasis deleted). Nevertheless, in *Powell*, the Magistrate Judge concluded that the ALJ had erred at the *second step* of the sequential evaluation process. *Powell*, 959 F. Supp. at 1244.[1] In *McCrea v. Commissioner of Social Security*, 370 F. 3d 357 (3d Cir. 2004), the U.S. Court of Appeals for the Third Circuit explained that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." *McCrea*, 370 F. 3d at 360, *citing McDonald v. Secretary of Health & Human Res.*, 795 F. 2d 1118, 1123 (1st Cir. 1986). In the instant case, the ALJ found Plaintiff's impairments to be severe. (R. 20). Consequently, her case proceeded beyond the second step of the analysis. As the Court of Appeals explained in *McCrea*, "step two is to be rarely utilized as [a] basis for the denial of benefits," and "its invocation is certain to raise a judicial eyebrow." *McCrea*, 370 F. 3d at 361. It wasn't until the fifth step that Plaintiff was found to be capable of substantial gainful activity. (R. 21). At that point, the severity of her impairments was not the dispositive issue. Instead, the critical question was whether she was capable of substantial gainful activity despite the severity of her impairments.

Plaintiff relies on *Chrupcala v. Heckler*, 829 F. 2d 1269 (3d Cir. 1987), to support her assertion that "[w]here treating doctors offer a diagnosis of fibromyalgia, which could reasonably cause the symptoms which the claimant alleges, and non-treating sources do not contradict that diagnosis, a decision of non-disability is [not] supported by substantial evidence." (Br. for Plaintiff 13). That statement, however, is inaccurate. In *Chrupcala*, the ALJ had relied on a vocational expert's answer to an incomplete hypothetical question. The question did not reflect the severe pain which the claimant was suffering from as "supported by objective medical

---

[1] Although the Magistrate Judge in *Powell* concluded that the ALJ had also erred at the fourth step of the sequential evaluation process, that part of the opinion is not pertinent to the instant case. *Powell*, 959 F. Supp. at 1244-1245. The inquiry at the fourth step is unique to each claimant, since it evaluates whether a particular claimant is capable of performing his or her past relevant work, regardless of whether that work exists in significant numbers in the national economy. *Barnhart v. Thomas*, 540 U.S. 20, 25-26 (2003).

findings in the record." *Chrupcala*, 829 F. 2d at 1276.  It was not the diagnosis of fibromyalgia itself, but rather the deficiency of the hypothetical question and the consequent inadequacy of the resulting testimony, which caused the finding of non-disability in *Chrupcala* to be lacking in substantial evidentiary support.  *Chrupcala*, 829 F. 2d at 1276.

In the instant case, Plaintiff's symptoms of pain and fatigue were fully accounted for in the ALJ's decision.  Despite the fact that the ALJ who issued the August 30, 2001, decision had found Plaintiff to be capable of medium exertion, the ALJ who issued the decision currently under review "reduced that level to light exertion to accommodate her pain and fatigue." (R. 19). The ALJ did so notwithstanding the fact that he found no specific clinical findings which warranted a reduction in that level. (R. 19).  This accommodation of Plaintiff's symptoms was adequately included in the ALJ's hypothetical question to Ms. Krull.  (R. 52).  It was permissible for the ALJ to rely on Ms. Krull's testimony that Plaintiff was capable of performing jobs existing in significant numbers in the national economy, given that the hypothetical question posed to Ms. Krull included all of Plaintiff's credibly established limitations. *Rutherford v. Barnhart*, 399 F. 3d 546, 554 (3d Cir. 2005).

In her third and final argument, Plaintiff alleges that the ALJ erred in determining her residual functional capacity.  (Br. for Plaintiff 13-15).  She also contends that this error took her outside of the mandates of 20 C.F.R. Regulations No. 4, Subpt. P. App. 2, which would have rendered her disabled had she been found to be unable to perform work at the light exertion level. (Br. for Plaintiff 13-15).  As noted earlier, however, the ALJ's determination that she was capable of only light exertion was a generous accommodation of her pain and fatigue symptoms. (R. 19).  Another ALJ, in a prior decision, had already found Plaintiff to be capable of medium exertion. (R. 19).  Aside from Dr. Hall's conclusory letter, Plaintiff points to no specific evidence to support her contention that she was incapable of light work.  In determining a claimant's residual functional capacity, an ALJ is not required to include every limitation alleged by the claimant. *Rutherford*, 399 F. 3d 546, 554 (3d Cir. 2005).  Accordingly, there is no merit to Plaintiff's contention that the ALJ's determination of her residual functional capacity was in error.

Plaintiff concludes her argument with an assertion that the ALJ would have found her to be disabled under the guidelines of 20 C.F.R. Regulations No. 4, Subpt. P, App. 2, had he found her to be incapable of work at the light level. (Br. for Plaintiff 14-15). This contention, while true, is inconsequential. As the U.S. Supreme Court recognized in *Heckler v. Campbell*, 461 U.S. 458 (1983), the guidelines were created to relieve the agency of the need to rely on vocational expert testimony in each case to meet its burden at the fifth step of the sequential evaluation process. *Heckler*, 461 U.S. at 471. In the instant case, however, the guideline relied upon by Plaintiff was not applicable because the ALJ found her to be capable of performing work at the light exertion level. (R. 18). In addition, there was vocational expert testimony which addressed the particular circumstances of Plaintiff's situation. (R. 50-55).

Ms. Krull, an impartial vocational expert, testified that there were 200,000 janitor or cleaner jobs, 75,000 laundry worker jobs, and 750,000 assembler jobs existing in the national economy. (R. 52-53). The ALJ specified that Plaintiff could perform work that "[did] not require exertion above the light level, or more than simple, routine, repetitive tasks with one or two step instructions, performed in a low-stress environment, defined as work requiring few decisions, and that require[d] no more than occasional contact with the public or co-workers, and that [did] not expose [Plaintiff to] work hazards, including heights or dangerous machinery." (R. 52). Ms. Krull testified that, given those limitations, Plaintiff remained capable of performing the janitor, cleaner, laundry worker and assembler jobs existing in significant numbers in the national economy. (R. 52-53).

Accordingly, the Court finds that the Commissioner's burden at step five of the sequential evaluation process has been satisfied, and that the ALJ's determination that Plaintiff was not disabled is supported by substantial evidence for purposes of 42 U.S.C. § 405(g).

**IV.    Conclusion**

It is undeniable that Plaintiff has a number of impairments, and this Court is sympathetic and aware of the challenges which Plaintiff faces in seeking gainful employment. Under the applicable standards of review and the current state of the record, however, the Court must defer

to the reasonable findings of the ALJ and his conclusion that Plaintiff is not disabled within the meaning of the Social Security Act, and that she remains able to perform a significant range of light work which exists in the national economy.

For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH MORRIS FOUNTAIN, | ) |
| Plaintiff, | ) |
| v. | ) 2:05-cv-455 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER OF COURT

    **AND NOW**, this 31st day of May, 2006, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion for Summary Judgment filed by Defendant, Jo Anne B. Barnhart, Commissioner of Social Security (*Document No. 6*) is **GRANTED**;

2. The Motion for Summary Judgment or, in the Alternative, Remand filed by Plaintiff, Elizabeth Morris Fountain (*Document No. 10*) is **DENIED**; and

3. The Clerk shall docket this case as closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    John G. Burt, Esquire
       Email: jburt@nidhog.com

       Rebecca Haywood, AUSA
       Email: rebecca.haywood@usdoj.gov